**WILLIAM M. NARUS, CAB #243633**
Acting United States Attorney
District of Oregon
**PATRICK J. CONTI, CAB #271046**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: 503.727.1000
        Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **MARK ANTHONY JOHNSON II,** Personal Representative for the **Estate of Mark Anthony Johnson,** | Case No.: 3:24-cv-01597-JLR |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **THE UNITED STATES OF AMERICA, THE UNITED STATES PROBATION OFFICE FOR THE DISTRICT OF OREGON** | |
| Defendant. | |

## INTRODUCTION

Defendant's opening brief cites numerous cases, including controlling Ninth Circuit law, holding that claims against probation officers for negligent supervision and negligent hiring are barred by the discretionary function exception. In response, Plaintiff primarily relies on a single decision by the Northern District of New York to argue otherwise. That decision, which cites no Ninth Circuit law and addresses the stricter set of judiciary guidelines that apply during pretrial release with electronic monitoring, is neither controlling nor persuasive.

Plaintiff further argues that the immediate reporting requirement of 18 U.S.C. § 3603(8)(B) applies to this case because subpart (B) is not modified by the qualifying language in subpart (A). But a full reading of the statute makes plain that "[s]ubpart (A), which is grammatically linked to subpart (B) and 'is of quite limited application,' restricts subpart (B)'s application." *Morris v. United States*, 706 F. Supp. 3d 636, 647 (E.D. Tex. 2023).

Regardless, Plaintiff does not dispute that the injury-causing conduct in this case was Judge Brown's decision not to revoke Mr. Banks's conditional release. The Probation Office was tracking developments with Mr. Banks, and it notified Judge Brown *seven times* of Mr. Banks's conduct, including missed medications and status as a murder suspect, in the weeks leading up to Mr. Johnson's murder. *See* Corey Decl. (ECF 14) ¶¶ 6–7. Judge Brown

**Page 1 – Reply in Support of Defendant's Motion to Dismiss**

chose not to issue a warrant or hold a status hearing for Mr. Banks, consistent with the express wishes of law enforcement. *Id.* ¶¶ 8–9. If this case were to proceed, the Court would be required to conduct a detailed analysis of Judge Brown's discretionary handling of Mr. Banks's case. But review of this injury-causing conduct is the judicial second guessing the discretionary function exception was designed to avoid.

Finally, Plaintiff's reliance on a 1993 Fifth Circuit case, *Johnson v. Sawyer*, 4 F.3d 369 (5th Cir. 1993), to argue he can state an FTCA claim based on violation of agency policy is misplaced. Not only is *Johnson* not the law in the Ninth Circuit, the Fifth Circuit itself vacated that decision on rehearing en banc.

The Court should dismiss this case in full.

## ARGUMENT

### A.    Probation Office Supervision is Discretionary

Plaintiff does not dispute that the Ninth Circuit has barred claims of negligent supervision of a probationer because probation officers have discretion on how to supervise a probationer and the exercise of that discretion requires the balancing of competing policy interests. *See* Mot. at 10–11 (discussing *Weissich v. United States*, 4 F.3d 810 (9th Cir. 1993)). Instead, Plaintiff primarily relies on a single out-of-circuit district court case to argue the discretionary function exception does not apply here. Resp. at

**Page 2 – Reply in Support of Defendant's Motion to Dismiss**

15, 18–19 (citing *Ben v. United States*, 160 F. Supp. 3d 460 (N.D.N.Y. 2016)). But not only does *Ben* fail to cite *Weissich* or any Ninth Circuit law, the case involved claims of negligent supervision during *pretrial* release involving electronic monitoring, not probation, supervised, or conditional release. *Ben*, 160 F. Supp. 3d at 464.

Any pretrial release that involves electronic monitoring is governed by a stricter set of judiciary guidelines, including requirements to inspect electronic monitoring (EM) equipment at least once a month, review EM reports daily, conduct immediate investigation of EM bracelet tamper alerts, and "respond immediately to any conduct or condition of the defendant that relates to nonappearance danger, regardless of when it occurs." *Id.* at 467–68. The officer in *Ben* failed to respond to numerous EM bracelet tamper warnings. *Id.* at 468. Of course, in our case, Mr. Banks was not being electronically monitored.

Given the different facts and judiciary guidelines in *Ben*, and *Ben*'s failure to discuss *Weissich* or other Ninth Circuit law, the Northern District of New York's analysis of the discretionary function exception is neither controlling nor compelling.

Plaintiff's citations to the Substance Use and Mental Health Procedures Manual (SUMHP Manual, ECF 17-2) do not strip the Probation Office of its discretion. Resp. at 18. ███████████████

**Page 3 – Reply in Support of Defendant's Motion to Dismiss**



Plaintiff also cites ███████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████ *United States v. Gaubert*, 499 U.S. 315, 322 (1991). Nor does it "dictate the precise manner" in which an officer should respond to signs of decompensation. *Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010). This is unsurprising given "[n]o manual could possibly be written dictating a detailed course of action on such a multifaceted and complex subject where a knowledge of the history, dynamics and conditions of each person subject to supervision is required." *Taylor v. Garwood*, No. 99-cv-2478, 2000 WL 873300, at *4 (E.D. Pa. Jun. 20, 2000). Regardless, even if the provision did constitute a mandate, that language would not eliminate discretion here where "the broader goals sought to be achieved necessarily involve an element of discretion." *Miller v. United States*, 163 F.3d 591, 595 (9th Cir. 1998). That is particularly true for probation officers who must balance their dual obligations to protect the public and promote the rehabilitation of those under supervision. *Weissich*, 4 F.3d. at 815.

Plaintiff further argues, again based on out-of-circuit authority, that no policy is implicated to support barring the claim under the discretionary function exception because the complaint alleges inaction rather than negligent action. *See* Resp. at 20. Even assuming the complaint can be read as Plaintiff now contends, that is not the law in the Ninth Circuit. The Ninth Circuit holds that where discretion is allowed, "it *must be presumed* that the

**Page 5 – Reply in Support of Defendant's Motion to Dismiss**

agent's acts are grounded in policy when exercising that discretion."
*Terbush v. United States*, 516 F.3d 1125, 1130 (9th Cir. 2008) (cleaned up and emphasis added). And no actual "policy-weighing" needs to have been undertaken, *id.* at 1136 n.5, only that "such a decision is *susceptible* to policy analysis." *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1178 (9th Cir. 2002) (emphasis in original). There is no argument that how best to supervise Mr. Banks was susceptible to policy analysis. Plaintiff's attempt to evade application of the discretionary function exception based on out-of-circuit law fails.

**B.    Section 3603(8) Does Not Mandate Immediate Reporting in this Case**

Plaintiff argues 18 U.S.C. § 3603(8)(B) commands probation officers immediately report any violation of the conditions of release, and the qualifying language in subpart (A) of the statute – "when directed by the court, and to the degree required" – does not modify subpart (B). Resp. at 21–22. In other words, Plaintiff urges the Court to sever subparts (A) and (B), and convert subpart (B) into a broad, standalone requirement to "immediately report" *all* release violations, regardless of whether the releasee is on probation, supervised release, or conditional release.

No court has interpreted subpart (B) in such a sweeping fashion, and the one case the parties found that fully considers the issue reached the

opposite conclusion.

In *Morris v. United States*, 706 F. Supp. 3d 636 (E.D. Tex. 2023),[1] the plaintiff, like Plaintiff here, argued that under § 3603(8)(B) a probation officer must immediately report any violation of the conditions of release "no matter the supervisee." 706 F. Supp. 3d at 641. The court recognized that § 3603(8)(B) read "as a stand-alone statutory provision" is "sweeping," but found this "sweeping" requirement subject to the qualifying language of "the subpart immediately preceding § 3603(8)(B) — that is, § 3603(8)(A)." *Id.*

As *Morris* explained, § 3603(8)'s subparts (A) and (B) are "grammatically linked" by the word "and," which means that "a proper reading of subpart (B) is *informed by the qualifications set forth in subpart (A)." Id.* at 647 (emphasis added).

> [B]ecause subsection (8) consists of two subparts joined together, subpart (B) should not be read in isolation. It should be read in context, as a proper reading of subpart (B) is informed by the qualifications set forth in subpart (A). In other words, subpart (A) must modify subpart (B).... Subpart (A), which is grammatically linked to subpart (B) and "is of quite limited application," restricts subpart (B)'s application.

*Id. Morris,* accordingly, found that subpart (B) did not apply "no matter the supervisee" but rather only to individuals conditionally released based on the qualifying language in subpart (A).[2]

---

[1] *Morris* is currently on appeal before the Fifth Circuit (case no. 24-40576).

[2] *Morris* never analyzed or even acknowledged the introductory clause of

**Page 7 – Reply in Support of Defendant's Motion to Dismiss**

Applying the lessons of *Morris,* the additional qualifying language of "when directed by the court" in subpart (A) equally modifies the requirements of subpart (B). And since Judge Brown made no such order, the Probation Office was not required to immediately report Mr. Banks's every violation but instead retained the ability to exercise professional judgment on how to best supervise him.

## C. Even if § 3603(8) Mandated Immediate Reporting, the Complaint Fails to Plausibly Allege Any Violations

Plaintiff argues the Probation Office failed to tell Judge Brown that Banks was in violation of her order that he "maintain any prescribed medications." Resp. at 27. But the First Amended Complaint (Complaint) does not allege that Banks was not maintaining his prescribed medications. The Complaint does not allege Banks's mental health providers concluded he was not in compliance with his treatment; or that Banks was refusing to take his medications; or that he felt he no longer needed medications; or even that he had missed his dosages consecutively for an extended period. Instead, the Complaint merely alleges that over the course of six months Banks intermittently missed single dosages.

---

Section 3603(8)(A) – namely, that the statute's requirements only apply "when directed by the court, and to the degree required by the regimen of care or treatment ordered by the court ...." 18 U.S.C. § 3603(8)(A). That oversight is understandable, because the introductory clause was irrelevant to the court's analysis. Here, however, that introductory clause is critical.

**Page 8 – Reply in Support of Defendant's Motion to Dismiss**

This is not a clear-cut violation of Judge Brown's order that Banks maintain his medications. Intermittently missing single doses did not trigger a mandatory report to Judge Brown. Nor did it strip the Probation Office of its professional judgment to determine, in consultation with Banks's mental health treatment team, whether the remaining levels of medication in his system were therapeutically sufficient to mean that he remained in compliance with the requirement to "maintain any prescribed medications."

Plaintiff's allegations that Banks violated Judge Brown's ban on intoxicants similarly falls short. The Complaint alleges Cameron Care staff reported that Banks "had red, droopy eyes and seemed more talkative, relaxed and outgoing than usual." Resp. at 10 (citing FAC ¶ 21). Missing is an allegation that this information was reported to the Probation Office, or that Cameron Care even concluded that Banks had used intoxicants. Without so much, there is no allegation to support a finding that the Probation Office had a mandatory duty to inform Judge Brown that Banks was using intoxicants.

Finally, Plaintiff's allegations that Cameron Care reported that a resident claimed Banks threatened to rape her and that the resident "*suspected*" Banks had a gun likewise do not trigger a mandatory duty to report a violation to Judge Brown. Missing is an allegation that Banks actually threatened another resident, actually had a gun, or that either of

**Page 9 – Reply in Support of Defendant's Motion to Dismiss**

these facts were reported to the Probation Office. *See* FAC ¶ 24. To find that these thin allegations required the Probation Office to contact Judge Brown would mean probation officers must inform judges of every third-party, unsubstantiated claim of a violation by a releasee, regardless of the source of the claim, its creditability, or lack of substantiation. The law requires no such thing. Probation officers retain the ability to use their professional judgment to decide whether and when to investigate allegations of violations by releasees and whether and when to report their findings to the court.

**D.     Judge Brown's Subsequent, Intervening Discretion Strips the Court of Jurisdiction Over this Action**

Even if the Probation Office was required to report violations of the order to Judge Brown and the Complaint plausibly alleged such violations, the Court still lacks subject matter jurisdiction under the discretionary function exception because the Probation Office's alleged wrongdoing and Plaintiff's alleged resulting injury are separated by Judge Brown's intervening, discretionary decision not to revoke Mr. Banks's conditional release. *See* Mot. at 18–23 (discussing *Gen. Dynamics Corp. v. United States*, 139 F.3d 1280 (9th Cir. 1998) & *United States v. Molchatsky*, 778 F. Supp. 2d 421 (S.D.N.Y. 2011)).

Plaintiff tries to dismiss *General Dynamics* and *Molchatsky* by casting them as "backward-looking," meaning the higher-up decision-makers in those

**Page 10 – Reply in Support of Defendant's Motion to Dismiss**

cases received information on which to make a decision, unlike here where "Judge Brown never had an opportunity to consider Mr. Banks' case until it was too late because the [Probation Office] did not timely report his numerous violations …." Resp. at 24–25.

There are two problems with Plaintiff's argument. First, the Probation Office informed Judge Brown 26 days before Mr. Johnson was murdered that Banks had missed medications and was a suspect in a homicide and other crimes and updated her six more times before Mr. Johnson's death. *See* Corey Decl.[3] Thus, Plaintiff's framing of this case as "forward-looking," and unlike *General Dynamics* and *Molchatsky*, is wrong. Repeatedly informed about Banks in the weeks and days before Mr. Johnson's murder, Judge Brown's "robust exercise of discretion" not to issue a warrant or revoke Mr. Banks's release, let alone even hold a status conference hearing, "intervenes between [the] alleged government wrongdoer and the harm suffered by [the] plaintiff." *Gen. Dynamics*, 139 F.3d at 1285. Accordingly, because "the harm

---

[3] Plaintiff objects to the Court considering evidence that Judge Brown was repeatedly informed about Mr. Banks prior to Mr. Johnson's death. But the Court is expressly permitted to "hear evidence regarding jurisdiction and resolv[e] factual disputes" in ruling on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1). *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). Evidence of Judge Brown's knowledge is necessary to identify the injury-causing conduct for purposes of applying the discretionary function exception because Plaintiff cannot "dictate that [his] claims are 'based upon' one government employee's actions and not another's" through the drafting of the complaint. *Fisher Bros. Sales v. United States*, 46 F.3d 279, 286 (3d Cir. 1995).

**Page 11 – Reply in Support of Defendant's Motion to Dismiss**

actually flows from the [decision-maker's] exercise of discretion, an attempt to recharacterize the action as something else must fail." *Id.* at 1286. "[T]he purpose of the discretionary function exception would be severely undercut if a plaintiff could adopt the simple expedient of attacking one or more of the people who supplied information to the decision[-]maker." *Id.* at 1284 (citing *Fisher Bros. Sales, Inc. v. United States*, 46 F.3d 279, 286 (3d Cir. 1995).

Second, assuming *arguendo* Judge Brown was not informed about Banks's conduct, Plaintiff still acknowledges that any such alleged failure by the Probation Office was not the "but for" cause of Mr. Johnson's death. Instead, as the Complaint puts it, if Judge Brown had been informed, Banks "likely would have been back in jail." FAC ¶ 2. Meaning, if the case proceeds, the Court will be forced to conduct a detailed analysis of whether Judge Brown would have issued a warrant, revoked Banks's release, and kept Banks in custody through the time of Mr. Johnson's murder. These injury-causing decisions are discretionary, and for the Court to analyze and decide such discretionary matters after the fact is precisely what the discretionary function exception is meant to avoid. *Fisher Bros.*, 46 F.3d at 286 (explaining discretionary function exception forecloses inquiries into what ultimate decision-maker would have decided differently with better information).

///

**Page 12 – Reply in Support of Defendant's Motion to Dismiss**

**E.     The Negligent Hiring Claim Fails under Ninth Circuit Law**

Citing a single out-of-circuit, district court case, Plaintiff urges the Court to conclude that claims for the negligent training and supervision of probation officers are not barred by the discretionary function exception. Resp. at 28–29 (citing *Ben*, 160 F. Supp. 3d at 475). But in making this argument, Plaintiff ignores Ninth Circuit law that claims based on negligent employment, supervision, and training "fall squarely" within the discretionary function exception. Mot. at 23–24 (citing *Nurse v. United States*, 226 F.3d 996, 1001–02 (9th Cir. 2000)); *see also Doe v. Holy See*, 557 F.3d 1066, 1084 (9th Cir. 2009) ("[T]he decision of whether and how to retain and supervise an employee … is the type of discretionary judgment that the exclusion was designed to protect.").

Plus, the Northern District of New York's analysis in *Ben* analyzed the stricter, more detailed training and supervision standards that apply to pretrial supervision.

And unlike the plaintiff in *Ben,* Plaintiff here failed to identify any portions of the Guide to Judiciary Policy (Guide) that impose non-discretionary mandates on how the Probation Office must hire, train, or supervise its officers. While Plaintiff cites §§ 310.20(d), (e), and § 620.50 to the Guide (Resp. at 29–30), there are no such provisions (mandatory or otherwise) in the Guide. *See* Corey Decl., Ex. 2 (version of the Guide that was

**Page 13 – Reply in Support of Defendant's Motion to Dismiss**

in effect in 2021 and through Mr. Banks's arrest in March 2022). Plaintiff's negligent hiring and training claim thus fails.

## F. Plaintiff's Attempt to Base his Claims on Violations of Federal Rules and Regulations Has No Support

Plaintiff cites *Johnson v. Sawyer*, 4 F.3d 369 (5th Cir. 1993), in support of his argument that federal laws or policies can establish the "applicable standards of care" for an FTCA claim. Resp. at 31. However, *Johnson* was withdrawn and reversed by the Fifth Circuit. *Johnson v. Sawyer*, 47 F.3d 716, 717 (5th Cir. 1995) (en banc). In doing so, the Fifth Circuit "reject[ed] the reasoning of the panel majority, because it ultimately grounds the duty … on federal law, and under the FTCA recovery may only be had on the basis of local law, here that of Texas." *Id.* at 718. Consistent with the Fifth Circuit's vacatur of *Johnson*, in the Ninth Circuit the breach of a duty created by federal law is not actionable under the FTCA. Mot. at 31–32 (citing *Delta Savings Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001)).

## CONCLUSION

Mr. Johnson's death during Mr. Banks's conditional release was tragic, but it is not actionable under the FTCA. The Court should grant this motion and dismiss this action.

///

///

**Page 14 – Reply in Support of Defendant's Motion to Dismiss**

Dated this 4th day of March, 2025.

Respectfully submitted,

WILLIAM M. NARUS
Acting United States Attorney
District of Oregon

/s/ *Thomas S. Ratcliffe*
THOMAS S. RATCLIFFE
PATRICK J. CONTI
Assistant United States Attorneys
Attorneys for Defendant