**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**PATRICK J. CONTI, CSB #271046**
Assistant United States Attorney
Patrick.Conti@usdoj.gov
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2936
Phone:  503.727.1000

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **MARK ANTHONY JOHNSON II,** Personal Representative of the Estate of Mark Anthony Johnson, | Case No.: 3:24-cv-01597-JLR |
| Plaintiff, | **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| **THE UNITED STATES OF AMERICA,** | |
| Defendant. | |

Defendant United States of America, by Scott E. Bradford, United States

Attorney for the District of Oregon, and through Patrick J. Conti and Thomas S.

Ratcliffe, Assistant United States Attorneys, answers Plaintiff's First Amended

Page 1 – Defendant's Answer to First Amended Complaint

Complaint in like-numbered paragraphs as follows.  Section headings are included for convenience only and do not constitute admissions.

## INTRODUCTION

1.    Defendant admits that Mr. Banks was on federal supervision through the United States Probation Office, District of Oregon at the order of United States District Court Judge Anna J. Brown.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

2.    Defendant admits the Order included twenty-one conditions of release, which the USPO was tasked with enforcing.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that in the six months preceding Johnson's death, Mr. Banks violated the terms of his release on at least thirty different occasions.  Defendant denies all remaining allegations.

## JURISDICTION AND VENUE

3.    Defendant admits that most of the events, acts or omissions that give rise to Plaintiff's claim occurred in the District of Oregon.  The other allegations in this paragraph set forth Plaintiff's asserted basis of subject matter jurisdiction, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

Page 2 – Defendant's Answer to First Amended Complaint

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5.      Defendant admits that USPO is tasked with supervising defendants who are conditionally released pursuant to 18 U.S.C. § 4243(f)(2).  For the remainder of the paragraph, Defendant refers the Court to 18 U.S.C. § 4243(f)(2) and denies all allegations inconsistent therewith.

6.      Defendant admits that United States Probation Officer Kristie Sparks ("PO Sparks") is a senior United States probation officer who supervised Mr. Banks in 2021 and 2022, and did so in the course and scope of her employment.  Defendant denies all remaining allegations.

## FACTUAL ALLEGATIONS

7.      Defendant admits that on October 3, 2007, a charge of felon in possession of a firearm against Mr. Banks was dismissed based on a finding that he suffered from a mental disorder that rendered him unable to appreciate the nature, quality or wrongfulness of his actions.  Defendant further admits that Mr. Banks was subsequently hospitalized at the Federal Medical Center, Devens, Massachusetts, and conditionally released on December 4, 2009. Defendant denies all remaining allegations.

8.      Defendant denies the allegations.

9.      Defendant admits the allegations.

Page 3 – Defendant's Answer to First Amended Complaint

10.    Defendant admits the allegations.

11.    Defendant admits the allegations.

12.    Defendant admits the allegations.

13.    Defendant admits the Court ordered Mr. Banks released to Federal Supervision on February 18, 2021.  Defendant refers the Court to Judge Brown's Order for Conditional Release for a full and accurate statement of its contents and the conditions of release, and denies any allegations inconsistent therewith.

14.    Defendant refers the Court to Judge Brown's Order for Conditional Release for a full and accurate statement of its contents and the conditions of release, and denies any allegations inconsistent therewith.

15.    Defendant admits that on May 13, 2021, Mr. Banks moved into a care facility in Portland, Oregon operated by Cameron Care, and that his case was assigned to PO Sparks.  Defendant denies all remaining allegations.

16.    Defendant denies the allegations.

17.    Defendant admits that Cameron Care staff reported to PO Sparks that Mr. Banks missed a medication on July 1, 2021.  Defendant denies all remaining allegations.

18.    Defendant admits that Cameron Care staff reported to PO Sparks that Mr. Banks missed a medication and was absent from the facility on August 5, 2021.  Defendant denies all remaining allegations.

19.    Defendant denies the allegations.

Page 4 – Defendant's Answer to First Amended Complaint

20.    Defendant denies the allegations.

21.    Defendant admits that Cameron Care reported that on November 5, 2021, Mr. Banks gave delayed answers and required several prompts to answer questions; he had red, droopy eyes; and he seemed more talkative, relaxed and outgoing than usual.  Defendant denies all remaining allegations.

22.    Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on November 25, 2021.  Defendant denies all remaining allegations.

23.    Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on December 4, 2021.  Defendant denies all remaining allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that Mr. Banks "missed his 8 a.m. medication as he would not get out of bed" on December 9, 2021, and that the incident report states staff tried to get him up three to four times.  Defendant denies all remaining allegations.

26.    Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on December 20, 2021.  Defendant denies all remaining allegations.

Page 5 – Defendant's Answer to First Amended Complaint

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

29. Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on January 10, 2022. Defendant denies all remaining allegations.

30. Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on January 11, 2022. Defendant denies all remaining allegations.

31. Defendant admits the allegations.

32. Defendant admits that Cameron Care reported to PO Sparks that Mr. Banks missed a medication on January 19, 2022. Defendant denies all remaining allegations.

33. Defendant denies the allegations.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

36. Defendant admits that on February 15, 2022, Mr. Banks's treatment team, including Cameron Care and PO Sparks, discussed that Mr.

Page 6 – Defendant's Answer to First Amended Complaint

Banks had missed multiple medications, exhibited behavior that may be related to drug use, and was often away from the facility.  Defendant denies all remaining allegations.

37.    Defendant denies that the Probation Office failed to inform the Court about Mr. Banks's behavior after the February 15, 2022, meeting. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations

38.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

39.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that on February 27, 2022, Mr. Banks asked a female staff member if she wanted to be his girlfriend and gave her a "weird" stare, and that he kept pacing back and forth by the medication room. Defendant denies all remaining allegations.

40.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that in total, between June 2021 and February 2022, there were thirty-two separate incident reports at Cameron Care concerning Mr. Banks's conduct.  Defendant denies all remaining allegations.

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations.

42.    Defendant admits the allegations.

Page 7 – Defendant's Answer to First Amended Complaint

43.    Defendant denies the allegations.

## ADMINISTRATIVE CLAIMS

44.    Defendant admits that Plaintiff served upon the Office of the General Counsel of the Office of the U.S. Courts an administrative tort claim via a letter dated January 9, 2024, and that the Administrative Office of the United States Courts denied that administrative tort claim via a letter dated March 27, 2024.  Defendant denies all remaining allegations.

## CLAIM FOR RELIEF
## Wrongful Death - Negligence

45.    Defendant incorporates by reference its responses to paragraphs 1 through 44.

46.    Defendant admits that PO Sparks supervised Mr. Banks in the course and scope of her employment.  Defendant denies all remaining allegations.

47.    Defendant denies the allegations.

48.    Defendant denies the allegations.

## PRAYER FOR RELIEF

This paragraph sets forth Plaintiff's Prayer for Relief to which no response is required.  To the extent a further answer is required, Defendant denies Plaintiff is entitled to the judgment and relief requested, or to any judgment or relief whatsoever in this action.

Page 8 – Defendant's Answer to First Amended Complaint

## GENERAL DENIAL

Defendant denies any allegations of the First Amended Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Defendant acted with due care and diligence at all relevant times.

2.    Others over whom Defendant has no control caused the alleged injuries.

3.    Plaintiff's claims are barred by judicial immunity.

4.    Plaintiff's claims are barred by the discretionary function exception.

5.    Any damages awarded must be set-off for any collateral sources of indemnity available to Plaintiff.

6.    Any award for noneconomic damages is limited by Or. Rev. Stat. § 31.710.

7.    Per 28 U.S.C. § 2675(b), Plaintiff's damages, if any, are limited to the amount claimed administratively.

8.    Plaintiff's recovery is limited in scope to the basis of liability and injuries alleged in Plaintiff's administrative tort claim.

9.    Plaintiff is not entitled to a jury trial against the United States.  28 U.S.C. § 2402.

Page 9 – Defendant's Answer to First Amended Complaint

10.    Per 28 U.S.C. § 2678, Plaintiff's counsel may not collect attorney's fees more than 25% of any judgment or settlement amount.

Defendant has, or may have, additional defenses which are not known at this time, but which may be ascertained through discovery.  Defendant specifically preserves these and other affirmative or other defenses as they are ascertained through discovery.

DATED this 1st day of December, 2025.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ Thomas S. Ratcliffe*
THOMAS S. RATCLIFFE
Assistant United States Attorney
Attorneys for Defendant